IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Dr. Jane Doe § § *Plaintiff* § § VS. § § UNIVERSITY OF TEXAS AT SAN § ANTONIO, SCHOOL OF § DENTISTRY; and KENNETH M. § HARGREAVES, MARIA § KARAKOUSOGLOU, SANDRA § ANDARI, SHAZA ABASS, VISHNU § RAJ, RAVIKUMAR ANTHONY, § NIKITA RUPAREL, AHMED § SABBAH, SUMAN CHALLA, § JOSHUA STONE, ELVA JORDAN, § ANGELA PALAIOLOGOU-GALLIS, § SOO CHEOL JEONG, and HASSEM § GEHA, IN THEIR OFFICIAL CAPA § CITIES. § § *Defendants* § | Case No. 25-1140 |

**PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, by and through her attorney of record, and files this Motion to Proceed Under the Pseudonym Jane Doe. Jane Doe is requesting leave to proceed anonymously to protect her identity from being revealed in any potential media coverage. In support thereof, Plaintiff shows the following:

1. The Federal Rules of Civil Procedure generally require a complaint to include the names of all parties. See Fed. R. Civ. P. 10(a). However, as the Fifth Circuit has previously stated, a Court may grant a plaintiff leave to proceed anonymously in a lawsuit. See, *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Of course, "[t]he [Court's] decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* The Fifth Circuit previously identified three common factors to such exceptional cases in which the need for a party to maintain his anonymity overwhelms the general presumption for disclosure. See *id.* at 185 (citing *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979)). Those three factors are as follows: (1) that the plaintiff is suing to challenge governmental actions; (2) prosecution of the suit compels the plaintiff to disclose information "of the utmost intimacy"; and (3) plaintiff is compelled to admit their intention to engage in illegal conduct, which puts him at risk of criminal prosecution. See, *Doe v. Hood*, 2017 WL 2408196 at 1 (S.D. Miss. 2017) (internal citations omitted). A party need not prove all three factors to successfully ensure that he may proceed anonymously. See *id.* See also *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d. Cir. 2008) ("[B]ecause of the purely legal nature of the issues presented . . . there is an atypically weak public interest in knowing the litigants' identities.").

2. Plaintiff is a student at the University of Texas at San Antonio, School of Dentistry. This action challenges official action by the University of Texas at San Antonio, School of Dentistry and is likely to attract media coverage to some extent. The underlying dispute in this case is the University of Texas at San Antonio, School of Dentistry's handling of academic and disciplinary actions taken against Plaintiff.

3. Plaintiff is a highly respected licensed dentist and currently has no complaints at the Texas State Board of Dental Examiners. The underlying allegations include unfounded accusations that Dr. Doe risked patient safety and was dismissive of patients and their concerns. The details of the underlying, unfounded, allegations could unfairly cause an unrelated person to publicize the accusations despite the lack of underlying proof. Further, Plaintiff is also an employee of the University of Texas at San Antonio, School of Dentistry, conducting research supported by a grant that could be negatively impacted by the unsubstantiated accusations.

4. Unjust injury, including possible use of the false allegations to negatively impact Plaintiff's licensure and grant could result from the public identification of Plaintiff, if Plaintiff is not permitted to proceed anonymously as requested.

5. If Plaintiff is not permitted to proceed anonymously, Plaintiff's identity could be revealed in subsequent media attention to this lawsuit. This publicity would cause irreparable reputational harm to Plaintiff.

6. If Plaintiff were not permitted to proceed anonymously, the purpose of this lawsuit would be made moot. The balancing of the interests, as articulated by the Fifth Circuit in Stegall, weighs in favor of granting this motion for that reason. Plaintiff did not improperly treat patients; however, she was wrongfully placed on remediation, probation, and finally dismissed from the University of Texas at San Antonio, School of Dentistry in part based on the allegations that she did so, through the use of unfair rules and procedures. If Plaintiff is not allowed to proceed anonymously in this lawsuit, she would in effect be required to tarnish her reputation in order to protect it.

7. Plaintiffs have been permitted to proceed anonymously in lawsuits against universities across the country with similar violations and fears of professional repercussions. See e.g. *Doe v.*

*Univ. of Neb.*, No. 4:25CV3122, 2025 LX 183467 (D. Neb. 2025); see also, *Doe v. Regents of the Univ. of Cal.*, No. 22-CV-1506 JLS (VET), 2025 LX 112649 (S.D. Cal. 2025).

8. Plaintiff is willing to share her full legal name with the defendants, and to participate fully in all discovery, to allow the Court "to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case." See, *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000).

9. For these reasons, the need to protect the privacy of Plaintiff outweighs the presumption of judicial openness under Federal Rule of Civil Procedure 10(a).

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays this Court grant this motion to proceed anonymously.

        Respectfully submitted,
        DAVID K. SERGI AND ASSOCIATES, P.C.

        By: */s/ David K. Sergi*
        **David K. Sergi**—Attorney in Charge
        State Bar No: 18036000
        david@sergilaw.com
        Jessica L. Cousineau
        OSB No. 012374
        jessica@sergilaw.com
        329 S Guadalupe Street
        San Marcos, TX 78666
        Phone: (512) 392-5010
        Fax: (512) 392-5042
        COUNSEL FOR PLAINTIFF, JANE DOE