UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DR. JANE DOE,<br>*Plaintiff*<br><br>v.<br><br>UNIVERSITY OF TEXAS AT SAN ANTONIO, SCHOOL OF DENTISTRY, DR. KENNETH M HARGREAVES, DR. MARIA KARAKOUSOGLOU, DR. SANDRA ANDARI, DR. SHAZA ABASS, DR. VISHNU RAJ, DR. RAVIKUMAR ANTHONY, DR. NIKITA RUPAREL, DR. AHMED SABBAH, DR. SUMAN CHALLA, DR. JOSHUA STONE, DR. ELVA JORDAN, DR. ANGELA PALAIOLOGOU-GALLIS, DR. SOO CHEOL JEONG, DR. HASSEM GEHA,<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No.  SA-25-CA-01140-XR |

## **ORDER**

On this date, the Court considered Defendants' Motion for a Stay (ECF No. 20), Defendants' Motion to File a Response (ECF No. 19), and Plaintiff's associated responses (ECF Nos. 22, 23). After careful consideration, Defendants' motions are **GRANTED**.

### BACKGROUND

Plaintiff Jane Doe is suing the University of Texas at San Antonio and several of its employees for dismissing her from the school's dental residency program. *See generally* ECF No. 1. Plaintiff alleges that her dismissal violated due process and her employment contract. *Id*. at 28–42. She seeks reinstatement and a declaratory judgment stating that Defendants violated her constitutional rights. *Id*. at 41–43.

The Court denied Plaintiff's Motion for a Temporary Restraining Order after Plaintiff failed to show substantial likelihood of success on the merits. *See* Text Order Dated September 30,

2025. The Court then set a hearing for December 3–4, 2025, to consider arguments on Plaintiff's Motion for a Preliminary Injunction (ECF No. 7) and Motion to Proceed Under a Pseudonym (ECF No. 2). ECF No. 15.

Defendants have filed two case-management motions in this case. *See* ECF Nos. 19, 20. In the interest of efficiency, the Court addresses these motions in a consolidated order.

## DISCUSSION

### I. Defendants' Motion for a Stay

Defendants moved to dismiss on November 14, 2025. *See* ECF No. 18. Their motion asserts sovereign immunity and argues that Plaintiff failed to state a claim upon which relief can be granted. ECF No. 20 at 2. Defendants now seek to stay proceedings pending the Court's disposition of this motion. *Id.*

In response, Plaintiff argues that Defendants failed to make the showing required for a stay. Plaintiff cites *Nken v. Holder*, 556 U.S. 418, for the proposition that the Court must weigh four factors in considering a stay. ECF No. 23 at 2–3. But that case addressed when an appellate court should stay an order of removal to consider an appeal. *See Nken*, 556 U.S. at 435–36 (discussing what standard governs the discretion of U.S. Circuit Courts in staying orders of removal). The other case that Plaintiff cites is similarly inapplicable: It addresses a stay of a death-row inmate's execution. *See Johnson v. Collier*, 137 F.4th 376, 381 (5th Cir. 2025) ("Johnson also separately moved for a stay of execution pending the resolution of his lawsuit."). In short, these cases address when a court should stay a final order, and Defendants seek no such stay here.

Rather, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) ("The district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of

justice."). This requires that the court balance "economy of time and effort for itself, for counsel, and for litigants" against "competing interests" to "maintain an even balance." *Landis*, 299 U.S. at 254.

Here, Defendants filed a motion to dismiss. Disposing of this motion before the preliminary injunction hearing will clarify the issues at that hearing. So economy of time and effort weighs in favor of a stay.

Against this, Plaintiff asserts little prejudice. She only claims she "will be harmed" in the event of a stay because she "remains unable to move forward with her residency and . . . research." ECF No. 23 at 4. In other words, Plaintiff alleges that the stay delays her potential relief.

But besides being conclusory, this argument is self-defeating: Because the stay is in the interest of judicial efficiency, it will promote a speedier adjudication of Plaintiff's claim.

Defendants' motion for a stay is **GRANTED**.

**II. Defendants' Motion to File a Response**

Plaintiff filed a Motion to Proceed Under a Pseudonym (ECF No. 2). Defendants failed to respond before the deadline. ECF No. 19; *see also* Western District Local Rule CV-7(D) ("A response to a discovery or case management motion shall be filed not later than 7 days after the filing of the motion."). Defendants now seek leave to file a response out of time. *See* ECF No. 19.

The Court may permit a party to respond to a motion after the deadline has expired "if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). "In federal civil procedure, 'excusable neglect' is a term of art. It encompasses 'inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control.'" *Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc.*, 730 F.3d 23, 26 (1st Cir. 2013) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). In considering a motion under Rule 6(b)(1)(B), a court weighs "the danger of prejudice to the [nonmovant], the

3

length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

Here, these factors favor granting leave to respond. By way of prejudice, Plaintiff only asserts that she will be distracted from preparing for the preliminary injunction hearing because Defendants' response will require her to file a reply. ECF No. 22 at 6. But a reply brief is not required. Besides, the Court already stated that it will hear arguments on the Motion for a Pseudonym at the preliminary injunction hearing. If Defendants file their response, Plaintiff can better prepare for Defendants' arguments ahead of time.

Granting leave also promotes judicial efficiency. The Court is already hearing oral arguments. Written briefs will improve their clarity.

Defendants have not stated a reason for their delay aside from carelessness. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 388 (noting carelessness as grounds for granting leave under Rule 6(b)(1)(B)). But neither can Plaintiff point to evidence of bad faith.

Defendants' Motion to File a Response is **GRANTED**.

## CONCLUSION

For the foregoing reasons, Defendants' Motions (ECF Nos. 19, 20) are **GRANTED.** All proceedings and deadlines are hereby **STAYED** pending disposition of Defendants' Motion to Dismiss (ECF No. 18). The Clerk is **DIRECTED** to **FILE** Defendants' Proposed Response (ECF No. 19-1).

It is so **ORDERED**.

**SIGNED** this 25th day of November, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE